**EXHIBIT I**

# Givaudan



October 29, 2018

BY EMAIL AND COURIER
Phyto Tech Corp. d/b/a Blue California
30111Tomas
Rancho Santa Margarita
CA 92688, USA
Attention: Steven Chen and Diana Chen

With copy to:
Armstrong Teasdale LLP
7700 Forsyth Blvd. Ste 1800
St. Louis, MO 63105
Attention: David Braswell, Jia You

Dear Steven:

      This letter is addressed to Phyto Tech Corp. d/b/a Blue California ("Blue California") regarding the dissolution of BGN Tech LLC ("BGN").

      Givaudan SA ("Givaudan") commenced the following actions to recover amounts owed to BGN: (i) BGN Tech LLC and Givaudan SA derivatively on behalf of BGN Tech LLC v. Phyto Tech Corp. d/b/a Blue California and Steven Chen, Sup. Ct. N.Y. Co., No. 653038/2018; and (ii) BGN Tech LLC v. Conagen Inc. and Sweegen, Inc., Cal. Sup. Ct., Orange Co., No. 30-2018-00999862 (collectively, the BGN Actions").

      We refer to the Limited Liability Agreement of BGN dated as of February 21, 2014 (the "Operating Agreement") by and among Givaudan and Blue California. Certain of the transactions that are the subject of the BGN Actions constituted "Significant Matters" under Section 7.09 of the Operating Agreement. In addition, by letter dated September 8, 2017, Givaudan sent notice of Material Breach to Blue California pursuant to Section 13(f) of the Operating Agreement with respect to the Green Note 1 Project. Blue California did not cure the Material Breach within the sixty day period provided in Section 13(f).

      On two occasions, Givaudan attempted to utilize the dispute resolution procedure agreed to by the parties in Section 14.08 of the Operating Agreement, but Blue California refused to cooperate and utilize that procedure. Ultimately, the transactions that are the subject of the BGN Actions were the subject of a mediation conducted by the Honorable Frank Maas. The mediation was not successful in resolving the BGN Actions and it was terminated by Blue California on October 11, 2018.

      Section 13.01(e) of the Operating Agreement provides for dissolution of BGN at the election of either Member within thirty days after the failure of the dispute resolution process in Section 14.08 with respect to a dispute involving a Significant Matter. The refusal of Blue California to cooperate with the dispute resolution procedure agreed to by the parties in Section 14.08 and the subsequent termination of the mediation proceeding provide adequate grounds for Givaudan to exercise its rights under Section

Givaudan Flavors Corporation, 1199 Edison Drive, Cincinnati, OH 45216
Phone: +1 513 948 8000, Fax: +1 513 948 3214, Web: www.givaudan.com

1/2

# Givaudan



13.01(e). In addition, Givaudan has the right to elect dissolution under Section 13(f) because Blue California failed to cure its Material Breach with respect to the Green Note 1 Project. Givaudan hereby elects to dissolve BGN.

The next step is to select a Liquidator as provided in Section 13.02. The Liquidator is to be chosen by the mutual agreement of Givaudan and Blue California. Our outside counsel, Christopher Belter of Goldberg Segalla LLP will contact Blue California's outside counsel, Katherine Helm of Dechert LLP this week to address the process to select a Liquidator.

This letter is without prejudice to, and with full reservation, of the legal and equitable rights and remedies available to us, all of which are expressly reserved.

Yours sincerely,

William E. Marino
Givaudan Director